## SAMUEL D. TORREY *versus* The Inhabitants of MILLBURY.

Where the assessors' list of valuation and assessment of polls and estates, did not exhibit in distinct columns the "true value of real estate" and the "reduced value," as required by the Revised Statutes, but contained a column of the "value," (and the like as to personal estate,) it was *held* that the irregularity did not render the valuation and assessment void.

It was *held*, that under a warrant for a town meeting "to see if the town would make an appropriation towards purchasing a fire engine," the town was authorized to pass a vote "to *raise* and appropriate" a sum for that object.

But if the warrant had been, to see if the town would appropriate to a specific object money already in the town treasury or under the control of the town, *it seems* the town could not have considered the question of laying a tax for that object.

A town voted to raise and appropriate a certain sum for purchasing a fire engine, provided that the same amount should be raised by private subscription within ninety days, the engine to be located by the selectmen. A subscription was obtained for the sum required, but on condition that the engine should be located in a particular place designated, and in consequence the assessors declined accepting it. Thereupon, with the consent of a portion of the subscribers, but without the knowledge of the others, the condition was erased ; but one of the subscribers verbally guarantied to the assessors that the whole sum should be paid ; and in this form the subscription was accepted, and the sum voted by the town was assessed. *Held*, that there was a substantial compliance with the proviso of the vote, and therefore that the assessment was authorized.

In assumpsit to recover back the amount of a tax alleged to have been illegally assessed, if a part of the tax was valid and a part void, and the void part can be distinguished, the plaintiff is entitled to recover back only that part.

Where a person refused to pay a tax valid in part and void in part, and it was collected by distress, it was *held*, in an action in which he recovered back the void part, that he was not entitled to recover back the costs of the distress, the warrant having been rightfully issued for the valid part of the tax.

ASSUMPSIT to recover back the amount of a town tax, alleged to have been illegally assessed. Trial before *Putnam J.*

It appeared, that in 1836 a tax was assessed by the assessors of the town of Millbury upon the plaintiff, to the amount of $92·59, for the payment of which, and costs, the collector distrained property of the plaintiff.

The warrant for the town meeting at which the money was voted, contained the following article : " Article 10th.   To see if the town will make an appropriation towards purcnasing a fire engine."

Upon this article the town voted " to raise and appropriate $400 for the purchasing of a fire engine and necessary apparatus, provided that the same sum be raised by private subscription within ninety days, said engine to be located by the selectmen."

Within ninety days thereafter a subscription paper for the purchase of a fire engine was drawn up, containing a provision or condition that the engine should be located in the Armory village.   This was signed by individuals promising to pay more than $400.   The subscription was presented to the assessors within ninety days, and they declined accepting it on account of the condition.   The person presenting it withdrew it, and consulted certain of the subscribers, who collectively had subscribed $285, and they consented that the condition should be erased.   It was accordingly erased without the knowledge of any other of the subscribers.   The paper was then presented to the assessors, and the person presenting it, who had himself subscribed $10, engaged verbally to guaranty the payment of the whole ; and thereupon the subscription was accepted.   He was a responsible person, and after the expiration of the ninety days the whole of the subscription was paid.

The 12th article of the warrant was, " to see if the town will accept the road recently laid out by the selectmen, leading from the forks of the road at Grass-hill schoolhouse, to the house of C. C. Morey, and to raise money for the building of the same."

On this article it was voted, " to accept the road recently laid out, &c. and raise $100 to build the same."

It did not appear that the selectmen ever made any location of the road, except by the selectmen's book of records ; which was kept in the building used by the town clerk as his office, and which book was in the case.

In the valuation of the property of the inhabitants, upon which the tax was assessed, there was no column containing the " true value " of personal estate, nor a column containing

<div style="margin-left:2em">

**Torrey**
*v.*
**Millbury.**

*Oct. 4th.*

*April term*
*1839.*

</div>

" reduced value," but in the place where those columns usually are, was a column containing " value." And the like in regard to real estate.

The defendants offered to prove that the column containing " value," contained true value, but the judge rejected the testimony.

Upon these facts a nonsuit or a default was to be entered, or a new trial granted, as to the Court should seem proper.

*Miles*, for the plaintiff, to the point that the list of the valuation and assessment was illegal, cited Revised Stat. *c.* 7, § 29, 30 ; *Thurston* v. *Little*, 3 Mass. R. 432 ; and to the point, that the proceedings in regard to the road were illegal, and so the sum of $100 was illegally raised, Revised Stat. *c.* 24, § 69 ; *Kean* v. *Stetson*, 5 Pick. 493 ; *Jones* v. *Andover*, 9 Pick. 150 ; *Commonwealth* v. *Merrick*, 2 Mass. R. 529.

*C. Allen* and *Randall*, *contrà*, admitted that the road was irregularly laid out, and that the plaintiff was entitled to recover back his proportion of the sum of $100, but they denied that the whole tax was void ; and they said that the irregularity in the valuation was a matter of form merely, which would not vitiate the assessment ; *Blackburn* v. *Walpole*, 9 Pick. 97 ; and besides, it was owing to the negligence of the assessors, and the remedy, if any, was against them and not against the town. Revised Stat. *c.* 7, § 44.

SHAW C. J. delivered the opinion of the Court. The plaintiff seeks in this action to recover back a sum paid as a town tax upon a warrant of distress, upon the ground that the tax was illegally and irregularly assessed.

The first objection to the irregularity of the assessment is, that the assessors did not comply with the directions of the statute, in making out the list containing the valuation and assessment of polls and estates, inasmuch as it did not exhibit in distinct columns, " the true value of real estate," " the reduced value of real estate," and the same of personal estate, but only one column for real and one for personal, headed " value." Revised Stat. *c.* 7, § 15, 29, 30. The Revised Statutes, in the sections cited, require that the list, amongst other particulars, shall distinguish " true value," and " reduced value." The question is, whether this irregularity renders the

valuation and assessment void, so that each person taxed may take advantage of it, and recover back the amount paid.

In considering the various statutes regulating the assessment of taxes, and the measures preliminary thereto, it is not always easy to distinguish which are conditions precedent to the legality and validity of the tax, and which are directory merely, and do not constitute conditions. One rule is very plain and well settled, that all those measures, which are intended for the security of the citizen, for ensuring an equality of taxation, and to enable every one to know, with reasonable certainty, for what polls and for what real and personal estate he is taxed, and for what all those who are liable with him are taxed, are conditions precedent, and if they are not observed he is not legally taxed, and he may resist it in any of the modes authorized by law for contesting the validity of the tax.

But many regulations are made by statute, designed for the information of assessors and officers, and intended to promote method, system and uniformity in the modes o˙ proceeding, the compliance or non-compliance with which, does in no respect affect the rights of tax-paying citizens. These may be considered directory ; officers may be liable to legal animadversion, perhaps to punishment, for not observing them ; but yet their observance is not a condition precedent to the validity of the tax. On consideration, the Court are of opinion, that the requirement in the statute, in regard to "reduced value," is of the latter character.

We take it to be clear, that the requisition in question is founded on the common custom of forming a column of "reduced value," which had existed before the statute, adopted for the ease and convenience of computation in apportioning the taxes. But the "reduced value" is of course a fixed proportion of the true value, as a half, or quarter, 10 per cent. or the like. The true value is first determined by the assessors in the manner provided by law, that is, by returns, or, in default of returns being made, by appraisement, and then the column of reduced value is found by computation, upon a uniform scale of reduction. It follows therefore as a necessary consequence, that whether there be a column of reduced value or not, makes no difference as to the actual amount of property,

for which each one on the list is assessed, or the rate which each and every one will have to pay. It is a requisition merely affecting the mode of framing the tax list, not affecting in any degree, the rights of any tax-payer, and therefore the Court are of opinion, that it is directory, not a condition precedent, and that the failure to comply with it, on the part of the assessors, did not render the tax illegal or void.

2. Another exception was this ; the tax in question was laid in part, in pursuance of a vote of the town, to appropriate $400 for the purchase of a fire engine and apparatus, and the plaintiff contends, that the warrant did not justify such a vote. The warrant was, " to see if the town will make an appropria-tion towards purchasing a fire engine." The vote was, " to raise and appropriate $400 for the purchasing of a fire engine and necessary apparatus ; provided, &c." The Court are of opinion, that under this warrant the town were authorized to pass the vote which they did. The object of a warrant is to give previous notice to the inhabitants, of the subjects to be acted on, and if this is done substantially it is sufficient. In such a body as a town, which ordinarily has no funds and no sources of revenue but taxation, to consider the subject of appropriating money to a particular object, seems necessarily to involve the consideration of the means of raising the money, unless there is something in the warrant itself which indicates that the word " appropriate " is used in a more limited sense. For instance, if a warrant were, to see if the town would appropriate to a specific object money already in the treasury, or under the control of the town, it might well be contended that under such a warrant it could not be understood that the town could be called upon to consider the question of laying a tax for the same object. But in this case there was nothing in the warrant itself to intimate that it was only to consider the expediency of appropriating money already under the control of the town, and no facts *aliunde* to show that there was any such fund. *Blackburn* v. *Walpole*, 9 Pick. 97.

3. The next exception is, that the vote was conditional, and that the condition was not complied with. The condition was this, " provided that the same sum be raised by private sub scription within ninety days, said engine to be located by the

selectmen. A subscription of over $400 was raised within 90 days, but it was on condition that the engine be located in a particular place. The assessors objected to it on account of the condition. The person presenting the subscription consulted with a part of the subscribers, to the amount of nearly $300, who consented that the condition should be stricken out, and the same person verbally promised to guarantee the payment of those who had not been consulted as to the cancelling the condition, and in this form it was accepted.

This was a substantial compliance with the condition. The condition was, that there should be a subscription, that is, an undertaking, to pay $400, and this by necessary implication was to be an undertaking to the satisfaction of the selectmen or assessors. If the cancelling of the condition, discharged those of the subscribers who had not assented to it, then they were not debtors, the promise of the person presenting the subscription was not a promise to pay the debt of another, within the statute of frauds, but an original undertaking and promise that the amount should be paid, which would be binding on himself. But independently of this condition, the guaranty, though it could not be enforced at law, because not in writing, yet being a promise made on good condition, it could not be considered void ; and if satisfactory to, and accepted by those who acted for the town, it was a sufficient compliance with the condition of the vote.

4. Another exception to the regularity of the tax paid by the plaintiff is, that it included $100 to build a town road, recently laid out by the selectmen. It appears by the report, that although there was a warrant " to see if the town would accept the road recently laid out, &c.," and though there was a vote to accept, yet that no location of the road, with the boundaries and admeasurements thereof, had been made by the selectmen, and no report of such laying out, with the boundaries and admeasurements thereof, had been filed in the office of the town clerk, seven days before the meeting. These preliminary proceedings are required by the Revised Statutes, c. 24, § 69, and a report from the selectmen was required by the former statute. St. 1786, c. 67, § 1. So that whether this vote was before or after the Revised Statutes, which is

left a little uncertain on the report, we think there were no proceedings of the selectmen for the town to act upon, and therefore the vote of the town was inoperative and void. The vote to raise money by a tax for the building of this road, was consequently premature and invalid, and the plaintiff was not bound to pay it.

But as this is an action of assumpsit, to recover back money which the plaintiff was not liable to pay, and as it is entirely practicable to distinguish that part of the tax which was valid from that which was void, the Court are of opinion, that the plaintiff is entitled to recover back that part of the money paid by him which was assessed upon him as his share of the $100, assessed on account of the road.

As the warrant of distress was rightly issued for the other part of the tax, which the plaintiff wrongfully refused to pay, he has no right to recover back the costs attending the service of the warrant of distress.